**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Steven Edward MILLER, Defendant–Appellant.**

**No. 09–30176.**

United States Court of Appeals,
Ninth Circuit.

Argued Dec. 8, 2009.

Submitted Feb. 22, 2010.

Filed Feb. 25, 2010.

As Amended on Denial of Rehearing
June 11, 2010.

**808**

Kelly A. Zusman, Stephen Francis Peifer, Assistant U.S. Attorney, Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

C. Renee Manes, Assistant Federal Public Defender, Federal Public Defender's Office, Portland, OR, for Defendant–Appellant.

Before: FARRIS, D.W. NELSON and BERZON, Circuit Judges.

MEMORANDUM *

Between August 2004 and November 2006, the defendant Steven Miller engaged in a complex scheme to defraud Cisco Systems, Inc. Miller pled guilty to one count of mail fraud and one count of money

* This disposition is not appropriate for publication and is not precedent except as provided

laundering without a plea agreement, and did not plead guilty to ten other counts.

We review a district court's methodology for calculating loss under the Sentencing Guidelines de novo. *United States v. Hardy,* 289 F.3d 608, 613 (9th Cir.2002). We look to the fair market value of the property and in particular the value "at which th[e] victim offered the goods for sale." *Id.* (internal quotation omitted). This valuation method requires us to look at the market that the victim participated in. Cisco does not participate and compete in the gray market. It does not sell replacement parts and it does not do direct sales through the internet. Cisco's market is solely authorized distributors and large direct buyers, and Cisco's product is inclusive of the warranty and service. Cisco provides replacement parts as part of its warranty instead of selling them. The district court's loss calculation was therefore proper.

We review for clear error a district court's refusal (after the government declines to move for the extra reduction) to grant an additional one-level downward adjustment for acceptance of responsibility. *United States v. Johnson,* 581 F.3d 994, 1001 (9th Cir.2009). The government has discretion on whether to move for the extra reduction so long as its refusal is not arbitrary or motivated by an unconstitutional factor. *Id.* We have conclusively determined that a defendant who fails to waive her right to appeal justifies the failure to request the reduction. *Id.* at 1002; *see also United States v. Medina–Beltran,* 542 F.3d 729, 731 (9th Cir.2008). Here, although Miller pleaded guilty to two counts of the indictment and avoided a trial on the substantive offenses, he preserved his right to object to the govern-

by 9th Cir. R. 36–3.

ment's loss figure and failed to waive his right to appeal any sentencing-related issues, even after the plea agreement had fallen apart.[1] Thus, the district court did not err.

*United States v. Watt,* 910 F.2d 587 (9th Cir.1990), is inapplicable. It applied to the two-level acceptance of responsibility reduction that is mandatory if the defendant enters a timely guilty plea. The decision here is discretionary and the government can properly ask for various conditions that ease its resource burdens in exchange for the additional one-point reduction. *See Johnson,* 581 F.3d at 1006–07.

■ We review a district court's sentencing decisions under the abuse of discretion standard. *United States v. Autery,* 555 F.3d 864, 871 (9th Cir.2009). The district court offered a sufficient explanation for giving a sentence that was higher than similar defendants who had committed fraud against Cisco. *See United States v. Gordon,* 393 F.3d 1044 (9th Cir. 2004). The other defendants had no criminal history whereas Miller had a criminal history level of three. This was sufficient to justify the sentence.

AFFIRMED.

---

1. Even after the government dropped the loss figure to $3,713,107, Miller continued to contest it, rather than offering at that juncture to agree to the loss figure in return for a motion under § 3E1.1(b).

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.